Jason B. Lattimore
**The Law Office Of**
**JASON B. LATTIMORE, ESQ. LLC**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: (973) 998-7477
Facsimile:  (973) 264-1159

*Attorneys for Plaintiff,*
*Interlink Products International, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERLINK PRODUCTS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> CATHY TRADING, LLC (d/b/a WANTBA), <br><br> Defendant. | Case No: <br> CIVIL ACTION <br><br><br> **COMPLAINT &** <br> **JURY TRIAL DEMAND** |

Plaintiff, Interlink Products International, Inc. (hereinafter "Interlink" or "Plaintiff"), by and through its undersigned attorney, hereby complains of Defendant, Cathy Trading, LLC ("Defendant"), as follows:

### THE PARTIES

1. Plaintiff is a New Jersey corporation with its principal place of business at 1315 East Elizabeth Avenue, Linden, New Jersey 07036.

2. On information and belief, Defendant is a Maryland corporation with its principal place of business at 150 Lullaby Court, Germantown, Maryland 20874.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the claims alleged pursuant to 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over Defendant in that it does business regularly in this district and the claims at issue in this case arise out of or are related to Defendant's business activities with respect to this district. On information and belief, Defendant regularly offers for sale, ships and sells, to customers located in New Jersey, products that are the subject of the infringement allegations in this Complaint. On information and belief, Defendant directly or indirectly markets and sells the products at issue throughout the United States and in this judicial district, and this judicial district is a likely destination for the products that are the subject of this action. Defendant thus purposely directs its business activities to this forum and the claims herein thereby arise out of and relate to such business activities.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c).

**CLAIM FOR INFRINGMENT OF**
**U.S. PATENT NO. 7,299,510**

6. Plaintiff, Interlink, is a New Jersey based research & development company specializing in the development, manufacturing and marketing of innovative consumer and professional healthcare products in the shower and bath, personal care and cleaning categories. The company was founded in 1996 and built on conceptual and technological innovation, high product quality and excellence in customer service.

7. Interlink's products include several lines of showerheads that can be purchased from various retailers both in stores and online.

8. Defendant competes directly with Interlink in the wholesale and retail showerhead markets, including the market for dual showerhead products.

9. Defendant's dual showerhead products are sold or have been sold under the "Wantba" brand.

10. The dual (or "combo") showerhead products sold by Defendant consist of two separate showerheads (one a fixed showerhead and the other a handheld sprayer showerhead) packaged with a plumbing device called a diverter. The diverter has, among other features, an inlet for water to flow into the diverter, two outlets for water to flow out, a valve for controlling water flow to the diverter outlets, and a holder for the handheld sprayer. The fixed showerhead attaches to one of the diverter outputs and a hose connects the handheld sprayer to the other. The user can direct the flow of water to either or both of the showerheads using a knob on the diverter. As sold to customers, Defendant's dual showerhead products are packaged such that the diverter must be connected to the fixed showerhead and handheld sprayer at the time of installation. Images of Defendant's dual showerhead products and stand-alone diverter sold by Defendant for use in a dual showerhead configuration are attached as Exhibit A.

11. On November 27, 2007, United States Letters Patent No. 7,299,510 ("the '510 Patent") were issued to Pi Kuang Tsai ("Tsai"). In general terms, the '510 Patent describes an invention centering on a water diverter that is combined with a showerhead holder.

12. On November 17, 2015, Interlink acquired, by assignment from Tsai, all right, title and interest in and to the '510 Patent, including the right to sue for past infringement of the '510 Patent and collect damages associated with such infringement. The assignment has been recorded with the United States Patent & Trademark Office and Interlink remains the owner of

all right title and interest in and to the '510 Patent.  A copy of the '510 Patent is attached as Exhibit B.

13. Defendant imports and sells its dual showerhead products.

14. Defendant's Wantba dual showerhead models HS008A and HS010C, the diverter pictured in Exhibit A, and any other of Defendant's dual showerhead products employing diverters that are identical or equivalent to the diverters used in those models (hereinafter "the Wantba Products") embody the elements of at least claims 3, 10 and 11 of the '510 Patent.

15. Defendant has directly infringed the aforementioned claims of the '510 Patent by importing, selling and offering for sale the Wantba Products.

16. Defendant has further infringed and infringes the claims of the '510 Patent by inducing others, including purchasers to assemble, install and use the infringing products.

17. Through this Complaint, Interlink has notified Defendant of the '510 Patent and of the infringing nature of the Wantba Products.

18. Defendant's sale and continued sale of the Wantba Products is in willful, knowing disregard of the '510 Patent and intentionally induces infringement of the '510 Patent by purchasers.

19. By selling the Wantba Products, and through its advertising and promotional materials and the instructions included with the Wantba Products, Defendant encourages purchasers to assemble, install and use on an ongoing basis the infringing shower products. Defendant's product listings and promotional materials encourage assembly, installation and use of the infringing products by, among other things, depicting the products fully assembled and installed, and promoting their functionality.  Defendant's instructions included with the Wantba Products induce infringement by instructing purchasers to assemble, install and use the products.

By their nature, the Wantba Products do not have substantial non-infringing uses. The components thereof cannot be assembled or combined into any ordinary or practical device that does not infringe the '510 Patent. Defendant sells the Wantba Products for the sole purpose of assembly, installation and use by purchasers and with the knowledge and intent that purchasers will thereby infringe the '510 Patent.

20. On information and belief, Defendant imports and sells or has imported and sold other dual showerhead products and diverters that embody one or more of the claims of the '510 Patent.

21. Defendant has engaged in the foregoing acts of infringement despite an objectively high likelihood that its actions constitute infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Defendant.

22. At all relevant times, Interlink sells and has sold products that compete directly with Defendant's infringing dual showerhead products. As a result of Defendant's infringement Interlink has suffered direct competitive harm, loss of goodwill, and lost sales.

23. Defendant's infringement is ongoing and has injured and will continue to injure Interlink unless and until this Court enters an injunction prohibiting further direct, contributory and induced infringement, including enjoining further sale of Defendant's infringing products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Defendant, granting the following relief:

    A. An award of damages sufficient to compensate Interlink for Defendant's direct and indirect infringement of the '510 Patent, including Interlink's lost profits and/or

reasonable royalties for the infringement, and any other relief provided for under 35 U.S.C. § 284, together with prejudgment interest from the date that Defendant's infringement of the '510 Patent began;

B. Increased damages as permitted under 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to Interlink of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A preliminary and permanent injunction prohibiting further infringement, inducement of infringement and contributory infringement of the '510 Patent; and

E. Such other and further relief as this Court or a jury may deem proper and just.

Dated: April 18, 2016    Respectfully submitted,

The Law Office Of
JASON B. LATTIMORE, ESQ. LLC

By  s/ Jason B. Lattimore
    Jason B. Lattimore
    55 Madison Avenue, Suite 400
    Morristown, NJ 07960
    Telephone: (973) 998-7477
    Facsimile:  (973) 264-1159

    *Attorneys for Plaintiff*
    *Interlink International Products, Inc.*

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues triable by jury.

Dated: April 18, 2016              Respectfully submitted,

                                   The Law Office Of
                                   JASON B. LATTIMORE, ESQ. LLC

                                   By  s/ Jason B. Lattimore
                                       Jason B. Lattimore
                                       55 Madison Avenue, Suite 400
                                       Morristown, NJ 07960
                                       Telephone: (973) 998-7477
                                       Facsimile:  (973) 264-1159

                                       *Attorneys for Plaintiff*
                                       *Interlink International Products, Inc.*

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

The undersigned hereby certifies that, to the best of his knowledge, this matter is not the subject of any other action pending in any court, or any pending or contemplated arbitration or administrative proceeding.

Dated: April 18, 2016              Respectfully submitted,

                                   The Law Office Of
                                   JASON B. LATTIMORE, ESQ. LLC

                                   By  s/ Jason B. Lattimore
                                       Jason B. Lattimore
                                       55 Madison Avenue, Suite 400
                                       Morristown, NJ 07960
                                       Telephone: (973) 998-7477
                                       Facsimile:  (973) 264-1159

                                       *Attorneys for Plaintiff*
                                       *Interlink International Products, Inc.*