Eric I. Abraham (eabraham@hillwallack.com)
Christina L. Saveriano (csaveriano@hillwallack.com)
HILL WALLACK LLP
21 Roszel Road
Princeton, New Jersey 08540
Telephone: (609) 924-0808
Fax: (609) 452-1888

Holly Ying Li (hyingli@goapogee.com)
APOGEE LAW GROUP LLP
401 North Michigan Avenue
Suite 1200-1
Chicago, IL 606011
Telephone: (312) 273-4960
Fax: (312) 834-7701

*Attorneys for Defendant/Counter-Claimant Cathy Trading LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INTERLINK PRODUCTS INTERNATIONAL INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> CATHY TRADING, LLC d/b/a WANTBA <br><br> Defendant/Counter-Claimant. | Civil Action No. 2:16-cv-02153-MCA-LDW <br><br><br> MOTION RETURN DATE: MAY 15, 2017 |

**BRIEF IN SUPPORT OF DEFENDANT/COUNTER-CLAIMANT CATHY TRADING, LLC'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

I.   **BACKGROUND**

Defendants/Counter-Claimant Cathy Trading, LLC ("Cathy Trading") respectfully request leave to file an Amended Answer, Affirmative Defenses and Counterclaims ("Amended Answer") in the above-captioned case. Pursuant to Local Rule 7.1(f), a copy of the proposed Amended Answer is submitted herewith along with a redline version identifying the new sections for the Court (attached as Exhibit A and B, respectively to the Certification of Counsel). This Amended Answer deleted the NJCFA claims, the false advertising claim relating to the flow rate regulator based on the removal theory, and the Common law unfair competition based on the flow regulator removal instructions theory. The Amended Answer re-plead the false advertising claim based on the flow rate violation as order by Hon. Judge Arleo in her Opinion dated March 9, 2017. The Amended Answer added a claim of violation of the common law unfair competition principles, specifically asserting Plaintiff/Counter-defendant engaging in unfair business practices by circumventing and violating Federal Laws that require the manner flow regulators to be installed in each showerhead product being distributed in the market place, and thus gaining illegal competitive advantages over Cathy Trading and other competitors similar situated in the market place.

Pursuant to Federal Rule of Civil Procedure 15(a), Cathy Trading should be granted leave to file the proposed Amended Answer that is attached to Cathy Trading's Motion for Leave and Brief in Support of Defendant's Motion for Leave.

II.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) allows a pleading, including an answer or counterclaim, to be amended after a responsive pleading is served, "by leave of court," and states that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). While the

decision to grant leave to amend "rests within the discretion of the Court," leave should be granted unless equitable factors, such as undue delay, bad faith, or undue prejudice, demonstrate that amendment would be "unjust," or the amendment would be "futile." *See Metex Mfg. Corp. v. Manson Envtl. Corp.,* 2008 U.S. Dist. LEXIS 11542, at *6 (D.N.J. 2008) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "Prejudice under R. 15(a) means undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Id. (*quoting *Deakyne v. Commissioners of Lewes,* 416 F.2d 290, 300 (3d Cir. 1969)). "Prejudice," involves serious impairment of the nonmovant's ability to present its case. *Otsuka Pharm. Co., Ltd. v. Barr Labs. Inc. et al.,* 2008 U.S. Dist. LEXIS 99214, at *12 (D.N.J. Dec. 5, 2008). Incidental prejudice to the nonmoving party is not a sufficient basis for denial of an amendment. *Id.* Futility "may only serve as a basis for denial of leave to amend when the proposed amendment is frivolous or advances a claim that is legally insufficient on its face." *Metex Mfg. Corp.,* 2008 U.S. Dist. LEXIS, at *6 (quoting *Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.,* 106 F. Supp. 2d 761, 764 (D.N.J. 2000)). As a general matter, rules of procedure should be liberally construed. *In re Continental Airlines*, 125 F. 3d 120, 129 (3d Cir. 1997), cert. denied, 522 U.S. 1114 (1998). The Supreme Court has instructed that leave to amend pleadings is to be liberally granted in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This liberality is underscored by the fact that leave to amend may be granted "at any time during the litigation, even after judgment or on appeal." *Mantz v. Chain*, 239 F. Supp. 2d 486, 505 (D.N.J. 2002). In fact, the Third Circuit has stated that it is an abuse of discretion for a court to deny leave to

3

amend unless one of the aforementioned reasons is found. *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

### III. ARGUMENTS

Cathy Trading should be granted leave to file the proposed Amended Answer submitted herewith. Leave is appropriate here for at least the following reasons.

First, Cathy Trading's Motion for Leave to File the Amended Answer will not prejudice any party as it is timely, and made in good faith. Interlink simply cannot meet the substantial burden of proving prejudice or any other aforementioned reason that would warrant denial of Cathy Trading's request. As this Court explained in *In re Bristol-Myers Squibb Secs. Litig.*, 228 F.R.D. 221, 228 (D.N.J. 2005), "the nonmoving party has a heavier burden than merely claiming prejudice, it must show that an unfair disadvantage or deprivation will result by allowing the amendment." Incidental prejudice to the nonmoving party will not suffice. Ibid. Rather, the nonmoving party must show "that it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence that it would have offered." Ibid.

Cathy Trading's Motion is timely given that Interlink, during the Meet and Confer attended by Counsels representing both parties on March 24, 2017, Interlink stated that depending upon what counterclaims were made in the Amended Answer, Affirmative Defenses and Counterclaims, Interlink would probably consent to Cathy Trading's filing of its Amended Answer if the Amended Answer was filed on or before April 4, 2017. Cathy Trading served Interlink its Amended Answer on April 4, 2017 and Interlink told Cathy Trading that it objected to that version.

As set forth in the Amended Answer, Cathy Trading re-pleaded its flow rate counterclaim as required by this Court. Further, Cathy Trading's Amended Answer cited facts alleged by

4

another litigant who was sued by Interlink based on similar set of complaints and who has conducted adequate investigation prior to the filing of its Counterclaims, see Exhibit E entitled Answer and Counterclaims by BBC Innovation Corporation against Interlink ("BBC Counterclaims") to Cathy Trading's Amended Answer, Affirmative Defenses and Counterclaims. Those facts appeared in a publicly available document filed with this Court and readily obtainable on Pacer, a collective court document database for litigants and general public to gain information on the American legal system. Although the allegations made in the BBC Counterclaims are not ready to be determined as to its accuracy, however, these allegations were not dismissed by this Court, and they satisfied the pre-filing investigation standard required by the Supreme Court in the *Iqbal* Case. To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations, assuming they are true, to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court has stressed that a claim is plausible if and "… when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

     Rule 201(b) of the Federal Rules of Evidence provides that: "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Rule 201(c)(2) provides that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

     A Court can take judicial notice that documents were filed on Pacer *(i.e.*, that the documents filed on Pacer are an accurate copy of the court documents and were filed in the

5

course of litigation in a particular court) but cannot take judicial notice that the contents of the documents are themselves true. See *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.,* 181 F.3d 410, 426–27 n.7 (3d Cir.1999) ("Recently, courts and commentators have paid more attention to the distinction between judicially noticing the existence of prior proceedings and judicially noticing the truth of the facts averred in those proceedings. It has been suggested that the appropriate analogy is the hearsay rule which allows an out-of-court statement to be admitted into evidence for purposes other than establishing the truth of the statement."); *O'Boyle v. Braverman,* 337 Fed. Appx. 162, 164–65 (3d Cir. 2009) (deciding that a district court could take judicial notice of state court filings in resolving a Rule 12(b)(6) motion for the purpose of determining the date on which the prior litigation was dismissed, as the existence of the filings was not subject to reasonable dispute).

Here, Cathy Trading cited the facts alleged in the BBC Counterclaims to show the time frame when Interlink misrepresented the flow rates of its showerhead products and the manner how Interlink misrepresented the flow rates. The flow rates misrepresentation is a question of fact, and it requires further investigation and discoveries to be conducted, including but not limited to, obtaining actual showerhead products distributed prior to June 25, 2015 and/or testing reports of Interlink's showerhead products distributed at the same time frame, and all related documents and things.

Second, Cathy Trading amended its counterclaim of unfair competition against Interlink based on newly developed facts and theory. This counterclaim is not based on the same theory as the previous counterclaim, which is based on Interlink's instructions of flow restrictor removal theory, and which was dismissed by this Court. However, Cathy Trading's new counterclaim of unfair competition is based on Interlink's violation of the Federal law that requires flow

restrictors being installed with 8 pounds of force in order to be effectively reducing the flow rate of the showerheads. This counterclaim is developed based on recent testing being conducted against Interlink's products. This is a plausible counterclaim based on newly discovered facts. There is no undue prejudice against Interlink as the theory of unfair competition breach was already in Cathy Trading's prior Answer and Counterclaims. Further, this proposed amendment is not futile because it is based on new and continued discovery and investigation conducted by Cathy Trading. This new counterclaim adds to a previously existing counterclaim. Interlink would not be unfairly disadvantaged or deprived of the opportunity to present facts or evidence that it would have offered, and thus would not be prejudiced.

### IV. **CONCLUSION**

For the reasons stated above, Cathy Trading respectfully requests that the Court grant its Motion for Leave to File an Amended Answer, Affirmative Defenses, and Counterclaims, and grant Cathy Trading leave to file the proposed Amended Answer, Affirmative Defenses, and Counterclaims submitted herewith.

Dated: April 10, 2017                          Respectfully Submitted,

                                                  HILL WALLACK LLP

                                                  By: /s/ Christina Saveriano
                                                  Eric I. Abraham
                                                  Christina L. Saveriano
                                                  eabraham@hillwallack.com
                                                  csaveriano@hillwallack.com
                                                  21 Roszel Road
                                                  Princeton, New Jersey 08540
                                                  Tel.: (609) 924-0808
                                                  Fax : (609) 452-1888

*Attorneys for Defendant/Counter-Claimant*
*Cathy Trading, LLC*